**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO. 5:17-CV-225-RJC-DCK**

| | |
|---|---|
| **JOEY SIGMON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM MUTUAL AUTOMOBILE COMPANY, and STATE FARM INSURANCE COMPANY,**<br><br>**Defendants.** | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on "State Farm Mutual Automobile Insurance Company's Motion To Dismiss Improperly Named Parties And Unfair And Deceptive Trade Practices Claim" (Document No. 8). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

Plaintiff Joey Sigmon ("Plaintiff" or "Sigmon") initiated this action with the filing of his "Complaint" in the Superior Court of Catawba County, North Carolina on October 6, 2017. (Document No. 1-1). Defendant(s) filed a "Notice Of Removal" (Document No. 1) with this Court on December 21, 2017. The Complaint asserts claims for: misrepresentation; fraud in the inducement; breach of contract; and unfair and deceptive trade practice. (Document No. 1-1, pp. 9-12).

Plaintiff contends that he was permanently injured on May 20, 2016, as the result of the negligent operation of a vehicle by Ally R. Hennington ("Hennington"). (Document No. 1-1, p. 6). Plaintiff further contends that Hennington's vehicle was covered by liability insurance provided by State Farm Mutual Automobile Company, State Farm Mutual Automobile Insurance Company, and State Farm Insurance Company (together, "Defendants"), and that Defendants accepted liability for Hennington's negligence. Id. Plaintiff asserts that he relied on Defendants' statements and acts that they would cover his losses sustained from the accident, including the cost of surgeries exceeding $300,000.00. (Document No. 1-1, pp. 8-9). Defendants advised Plaintiff they were denying his claim on or about June 22, 2017. (Document No. 1-1, p. 9).

"State Farm Mutual Automobile Insurance Company's Answer" (Document No. 7) and "State Farm Mutual Automobile Insurance Company's Motion To Dismiss Improperly Named Parties And Unfair And Deceptive Trade Practices Claim" (Document No. 8) were filed on January 19, 2018. The pending motion to dismiss seeks dismissal of two improperly named parties (State Farm Mutual Automobile Company and State Farm Insurance Company) as well as dismissal of Plaintiff's unfair and deceptive trade practices claim. (Document No. 8).

The pending motion has been fully briefed and is now ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts

to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

## III. DISCUSSION

### A. Improperly Named Parties

State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm") first asserts that State Farm Mutual Automobile Company and State Farm Insurance Company are "non-entities," and therefore, the Court should dismiss those two parties and correct the case

caption. (Document No. 9, p. 3) (citing Davidson v. Memorial Mission Hosp., Inc., 1:01-CV-051-LHT-MOC, 2001 WL 1019786 (W.D.N.C. June 15, 2001)). Defendant also notes that it has admitted in the Answer that it is a properly named defendant. Id. See also (Document No. 7, p. 1).

Plaintiff's "Memorandum Of Law In Opposition…" (Document No. 10) fails to refute, or even mention, Defendant's first argument that Plaintiff has named two non-entities as defendants. Plaintiff's failure to even acknowledge Defendant's first argument is not helpful to the Court; moreover, it seems the parties could have resolved this issue without Court intervention.[1]

The undersigned will recommend that State Farm Mutual Automobile Company and State Farm Insurance Company be dismissed, and that the docket/caption for this case be updated.

**B. Unfair and Deceptive Trade Practices**

Next, Defendant State Farm argues that Plaintiff's unfair and deceptive trade practice ("UDTP") claim fails as a matter of law. (Document No. 9, pp. 3-6). Defendant contends that

> North Carolina does not recognize a cause of action for third-party claimants against the insurance company of an adverse party under N.C.G.S. § 75-1.1. North Carolina courts have held [that] allowing this claim would create a conflict of interest with the duties the insurer owes the insured and it would encourage unwarranted settlement demands from the third party.

(Document No. 9, p. 1); see also (Document No. 9, pp. 4-5) (citing Wilson v. Wilson, 121 N.C.App. 662, (1996); Lee v. Mutual Community Savings Bank, SSB, 136 N.C.App. 808 (2000); and Craven v. Demidovich, 172 N.C.App. 340, 341-42 (2005)). Defendant notes that Plaintiff is not an insured under Hennington's State Farm policy. (Document No. 9, pp. 2, 5). Defendant then goes on to conclude that Plaintiff is a third-party claimant asserting a UDTP claim against an

[1] Plaintiff is respectfully reminded that Fed.R.Civ.P. 15 (a)(1)(B) allows a party to amend its pleading as a matter of course within 21 days of service of a responsive pleading or a motion under Rule 12(b), (e), or (f).

adverse party's insurance company, and therefore, Plaintiff's claim fails as a matter of law. (Document No. 9, p. 5).

Defendant also argues that Plaintiff's UDTP claim fails because Plaintiff contends that State Farm engaged in unfair and deceptive trade practices by breaching an alleged agreement to pay the claim. (Document No. 9, p. 5) (citing Document No. 1-1, ¶ 44). Thus, Defendant contends that, at most, Plaintiff has "alleged a claim for a breach of contract, and North Carolina courts have held a breach of contract, even if intentional, is not an unfair and deceptive act under N.C.G.S. § 75-1.1." Id. (citing Bob Timberlake Collection, Inc. v. Edwards, 176 N.C.App. 33, 42 (2006)).

Finally, Defendant argues that Plaintiff has failed to set forth any factual allegations to support the conclusory assertion that State Farm engaged in unfair and deceptive trade practices. (Document No. 9, pp. 5-6) (citing No. 1-1, ¶¶ 43-52).

In opposition to the pending motion, Plaintiff acknowledges that his "claim for UDTP is based upon the direct agreement between the Plaintiff and State Farm in which State Farm agreed that if Plaintiff did not exercise his legal right to obtain counsel then State Farm would compensate the Plaintiff's claim out of their umbrella claim." (Document No. 10, pp. 1-2, 4) (citing Document No. 1-1, ¶¶ 34, 35, 36, 37, 44). Plaintiff also acknowledges that North Carolina courts have held that "a private right of action under . . . 75-1.1 may not be asserted by a third-party claimant against the insurer of an adverse party," but argues that "the Agreement between Plaintiff and Defendant created a separate and distinct legal relationship." (Document No. 10, p. 5) (quoting Wilson, 121 N.C.App. 662 and Craven, 172 N.C.App. 340 (2005)).

Plaintiff's argument focuses on Defendant's alleged failure to abide by "the Agreement" and asserts that this failure was deceptive. (Document No. 10, pp. 4-7). Plaintiff concludes that he "has made sufficient allegations to support his claim that State Farm engaged in malicious

deception towards Plaintiff directly, not as a third party beneficiary, but as the results of **a direct Agreement between Plaintiff and Defendant**." (Document No. 10, p. 7).

In reply, Defendant again asserts that, at most, Plaintiff has alleged a breach of contract claim and that a breach of contract, even if intentional, is not an unfair and deceptive act under N.C.G.S. § 75-1.1. (Document No. 15, p. 1) (citations omitted).

The undersigned finds Defendant's arguments persuasive. Most notably, Plaintiff fails to address Defendant's argument that a breach of contract, even if intentional, is not an unfair and deceptive act supporting a UDTP claim. Plaintiff's opposition, however, repeatedly attempts to rely on his alleged Agreement with Defendant and his claim for breach of contract to support his UDTP claim. See (Document No. 10, pp. 2, 4-5) (citing Document No. 1-1, ¶¶ 34, 35, 36, 37, 44). In fact, it does not appear that Plaintiff alleges any other facts in support of his UDTP claim other than Defendant's alleged breach of "the Agreement." See (Document No. 1-1, p. 12; Document No. 10).

Although neither party cited caselaw from this Court or the Fourth Circuit, the undersigned notes that it appears to be well-established that contractual disputes are outside the scope of a UDTP claim unless a plaintiff shows "substantial aggravating circumstances." Here, neither Plaintiff's UDTP claim, nor his opposition to the pending motion, appear to assert that there were substantial aggravating circumstances surrounding the alleged breach of contract. See (Document No. 1-1, p. 12; Document No. 10).

The undersigned finds a recent decision by the Honorable Richard L. Voorhees to be instructive:

> [A] mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action [for an UDTP]." *Birtha v. Stonemor, N.C., LLC*, 727 S.E.2d 1, 10 (N.C. Ct. App. 2012) (internal quotation marks omitted). . . . To avoid UDTP claims

> "piggyback[ing]" on breach of contract claims, North Carolina "courts differentiate between contract and deceptive trade practice claims, and relegate claims regarding the existence of an agreement, the terms contained in an agreement, and the interpretation of an agreement to the arena of contact law." *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 347 (4th Cir. 1998). When a plaintiff relies on a breach of contract to advance a UDTP claim, the plaintiff "must show substantial aggravating circumstances attending the breach." *Id.*

Niloy, Inc. v. Lowe's Companies, Inc., 5:16-CV-029-RLV-DCK, 2017 WL 29338, at *9 (W.D.N.C. Jan. 3, 2017). See also Caruthers v. Vitex, Inc., 5:17-CV-98-GCM, 2018 WL 2465268, at *3 (W.D.N.C. June 1, 2018); Beam Construction Co., Inc. v. Allied World Specialty Ins., Inc., 3:17-CV-420-FDW-DSC, 2017 WL 5158712, at * 4 (W.D.N.C. Nov. 7, 2017); and McManus v. GMRI, Inc., 3:12-CV-009-DCK, 2012 WL 2577420, at *4 (W.D.N.C. July 3, 2012).

Based on Defendant's arguments and the cited legal authority, the undersigned will recommend that Plaintiff's UDTP claim be dismissed.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "State Farm Mutual Automobile Insurance Company's Motion To Dismiss Improperly Named Parties And Unfair And Deceptive Trade Practices Claim" (Document No. 8) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that counsel be directed to hold an Initial Attorney's Conference pursuant to Local Rule 16.1 without further delay; and that Plaintiff be directed to file an Amended Complaint consistent with the findings herein.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days**

of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: July 24, 2018

David C. Keesler
United States Magistrate Judge