# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:17-CV-00225-KDB-DCK

| | |
|---|---|
| JOEY SIGMON,<br><br>**Plaintiff,**<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br>STATE FARM MUTUAL AUTOMOBILE COMPANY<br>STATE FARM INSURANCE COMPANY,<br><br>**Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant's motion *in limine* to exclude Plaintiff from offering any evidence of medical expenses that contain amounts other than the amount actually paid or the amount actually necessary to satisfy the bill. (Doc. No. 60). As explained briefly below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion.

Defendant seeks to exclude evidence of medical expenses beyond the amount actually paid or actually necessary to satisfy the bill under Rule 414 of the North Carolina Rules of Evidence. N.C.G.S. § 8C-1, Rule 414.[1] The parties have forecasted evidence that the full amount of Plaintiff's

---

[1] "[W]hen a federal court exercises diversity jurisdiction, it must apply the substantive law of the state where it sits." *Fairchild v. Kubota Tractor Corp.*, No. 1:18-cv-69, 2018 WL 4038126, at *3 (W.D.N.C. Aug. 23, 2018). The application of Rule 414 may affect the outcome of litigation and is substantive North Carolina law. *See Lauer v. United States*, No. 1:12-cv-41, 2013 WL 566124, at *3 (W.D.N.C. Feb., 13, 2013) (defining substantive law as law that "significantly affect[s] the result of litigation"); *Hairston v. Harward*, 821 S.E.2d 384, 392 (N.C. 2018) (stating that the North Carolina Supreme Court has treated the collateral source rule as a substantive rule of law concerning damages); *Nicholson v. Thom*, 763 S.E.2d 772, 789 n.19 (N.C. Ct. App. 2014) ("In

medical bills was never paid by the Plaintiff or any person or entity. Instead, substantial portions of the bills were "written off" by the medical providers after State Farm denied Plaintiff's claim. Further, State Farm and/or State Farm's denial of the claim allegedly played a role in the medical bills being written off.

Rule 414 states, in pertinent part, that "[e]vidence offered to prove past medical expenses shall be limited to evidence of the amounts actually paid to satisfy the bills that have been satisfied, regardless of the source of payment, and evidence of the amounts actually necessary to satisfy the bills that have been incurred but not yet satisfied." N.C.G.S. § 8C-1, Rule 414. Therefore, Rule 414 plainly prohibits Plaintiff from introducing evidence of his medical bills in excess of the amount actually paid or due to prove his past medical expenses.

Although Plaintiff acknowledges that the full amount of the bills cannot be admitted to establish his past medical expenses, he argues that evidence of the total amount charged, including the amount written off, should come in to corroborate his testimony of the extent of his injuries and his pain and suffering. In other words, Plaintiff contends that the jury will be unfairly misled into minimizing his injuries if they are only told that he incurred a much smaller amount of medical expenses than he actually incurred prior to the "write off."

While the Court understands Plaintiff's concern,[2] and by its terms Rule 414 would not prevent the amount of the medical bills from coming in for Plaintiff's proffered purpose (which is different than being offered to prove "past medical expenses") the Court does not find there is a

---

2011, the collateral source rule was abrogated by Rule 414 of the North Carolina Rules of Evidence with regard to evidence of past medical expenses.").

[2] Plaintiff will of course still be permitted to introduce all his medical records and testify fully about his injuries and pain and suffering as damages related to his breach of contract / estoppel claim.

sufficient relevant evidentiary connection between the amount of a person's medical bills and the extent of their injuries to allow the evidence to be admitted. Indeed, it is generally well known that charges for the same or similar services in different hospitals and/or by different doctors can vary widely. Absent proof beyond what is being offered to show a clear relevant connection between the total amount of Plaintiff's medical costs and the extent of Plaintiff's injuries, the Court finds that evidence of the full amount of medical bills cannot be admitted on the alternate ground that the total billed amount is evidence of the extent of Plaintiff's injuries.

However, as noted above, Rule 414's reach is limited to proof of past medical expenses. Therefore, Plaintiff can introduce evidence of the full amount of his medical bills to establish, for example, the total amount of medical expenses that were "written off" as part of his argument in connection with his tort claims that he is entitled to damages – such as pain and suffering, embarrassment, or reputational harm – related to the alleged "bad debt" or "uncollectible" write-offs. *See Nicholson v. Thom*, 763 S.E.2d 772, 789-91 (N.C. Ct. App. 2014) (admitting evidence of write-offs because it did not implicate the collateral source rule, the abrogation of which was the reason Rule 414 was enacted).[3] But, to fully protect Defendant with respect to Rule 414, if Plaintiff is permitted to offer evidence of the amount of medical bills written off for a purpose other than to prove past medical expenses, then the Court will, at the request of Defendant, issue a limiting instruction informing the jury that the amount written off cannot be considered in determining medical expenses in accordance with Rule 414.

---

[3] With respect to the amount of medical bills both actually paid/due and written off, the Court again encourages the parties to stipulate to these amounts which should, in total, not be in dispute.

**THEREFORE,** the Court hereby **GRANTS IN PART** and **DENIES IN PART** Defendant's motion in limine to exclude evidence of medical expenses pursuant to Rule 414 of the North Carolina Rules of Evidence.

Signed: November 14, 2019

Kenneth D. Bell
United States District Judge